## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

SUNTRUST MORTGAGE, INC.                    *
P. O. Box 10423
Van Nuys, California 91410                 *

      Plaintiff                            *

    v.                                       *

UNITED STATES DEPARTMENT                    *
OF THE TREASURY - INTERNAL
REVENUE SERVICE                             *

Serve On:                                   *        Case No.: _____

      Rod J. Rosenstein, Esquire           *
      US Attorney for the District of Maryland
      6625 US Courthouse                   *
      101 West Lombard Street
      Baltimore, Maryland 21201                     *

        and

      Eric H. Holder, Jr., Esquire                  *
      Attorney General of the US
      US Department of Justice                      *
      950 Pennsylvania Avenue NW
      Washington, DC 20530                 *

        and                              *

      Internal Revenue Service             *
      Attn: Technical Service Group Manager
      31 Hopkins Plaza                     *
      Baltimore, Maryland 21201

        and                              *

      Internal Revenue Service
      Chief Counsel                        *
      1111 Constitution Ave, NW
      Room 3026                            *
      Washington, DC 20224

        Defendants                       *

*      *      *      *      *      *      *      *      *      *      *      *      *

## COMPLAINT TO QUIET TITLE AND FOR DECLARATORY RELIEF

Plaintiff, SunTrust Mortgage, Inc. ("Lender"), by its attorneys, hereby sues the United States Department of the Treasury - Internal Revenue Service ("IRS") and states as follows:

## FACTS COMMON TO ALL COUNTS

1.      Lender is a mortgage lender that transacts business in Maryland.

2.      The IRS is an agency of the United States that has a tax lien recorded against the real property at issue in this case, which real property is located in Anne Arundel County, Maryland.

3.      The real property at issue in this case is located at 2014 Dalewood Court, Crofton, Anne Arundel County, Maryland 21114 (the "Property").

4.      Antoinette Handon Adams ("Adams") is the record owner of the Property.

5.      Prior to March 31, 2006, the Property was jointly owned by Adams and her husband, Robert L. Adams, as tenants by the entirety.

6.      On or about March 31, 2006, Adams and her husband transferred the Property to Adams by way of a deed recorded in the land records of Anne Arundel County at book 17848, book 449.

7.      Also on March 31, 2006, Lender loaned Adams a total of $412,200.00 (the "Loan") so that Adams could pay off two then-existing mortgages against the Property.

8.      Adams executed a promissory note (the "Note"), promising to repay the $412,200.00 plus interest at the rate of 6.5 percent per annum.

9.      Adams also executed a deed of trust, granting Lender a first mortgage on the Property (the "Deed of Trust"). A copy of the Deed of Trust is attached hereto as Exhibit 1.

10.     A total of $394,453.72 of the proceeds of the Loan were used to satisfy two pre-existing mortgages on the Property, one recorded in the land records of Anne Arundel County on July 15, 2004 at book 15109, page 084 and the other recorded in the land records of Anne Arundel County on July 15, 2004 at book 15109, page 103.

11.     The Deed of Trust was recorded in the land records of Anne Arundel County at book 17848, page 0455 on May 23, 2006.

12.     On or about March 15, 2006, a tax lien against Adams' husband, Robert L. Adams, and in favor of the IRS in the amount of $73,463.82 (the "Tax Lien") was filed with the Clerk of the Circuit Court of Anne Arundel County.  A copy of the Tax Lien is attached hereto as Exhibit 2.

13.     Adams has now defaulted under the Deed of Trust and the Note by failing to make the payments due thereunder.

## COUNT I – DECLARATORY JUDGMENT

14.     The allegations contained in paragraphs 1 through 13 of this Complaint are incorporated by reference herein.

15.     The Deed of Trust takes priority over the Tax Lien under the doctrine of equitable subrogation to the extent the proceeds of Lender's loan were used to pay off pre-existing deeds of trust on the Property.  See GE Capital v. Levenson, 338 Md. 227, 231-32 (1995).

16.     In Levenson, the Court of Appeals of Maryland held that a lender who pays off the mortgage of another lender and takes a new mortgage as security "will be subrogated to the rights of the first mortgagee as against any intervening lien holder." 338 Md. at 223-32.

17.     In the instant case, a total of $394,453.72 of Lender's $412,200.00 loan to Adams was used to satisfy two pre-existing deeds of trust on the Property.   Those deeds of trust were recorded *prior* to the Tax Lien.

18.     Accordingly, Lender is entitled to priority over the Tax Lien with respect to $381,362.12.   Levenson, supra, 338 Md. at 223-32.

19.     Upon information and belief, the IRS believes that its tax lien take priority over the Deed of Trust.

20.     There exists an actual controversy of a justiciable issue between Lender and the IRS within the jurisdiction of this Court concerning the priority of the Deed of Trust over the Tax Lien.

21.     In accordance with 28 U.S.C. § 2201, the uncertainty surrounding the priority of the Deed of Trust and the Tax Lien can be terminated by a declaration of this Court that the Deed of Trust takes priority over the Tax Lien.

WHEREFORE, Lender requests:

1.     That this Court determine and adjudicate the rights and liabilities of the Parties with respect to the priority of the Deed of Trust and the Tax Lien;

2.     That this Court adjudge, decree and declare that the Lender is entitled to equitable subrogation;

3.     That this Court adjudge, decree and declare that the Deed of Trust is entitled to priority over the Tax Lien to the extent of $394,453.72 plus interest at the rate of 6.5 percent per annum from March 31, 2006; and

4.    That this Court adjudge, decree and declare that Lender shall receive the first $394,453.72 from the proceeds of any sale of the Property, plus interest at the rate of 6.5 percent per annum from March 31, 2006 to the present, before any proceeds are paid towards satisfaction of the Tax Lien;

5.    That the Court award Lender the costs of these proceedings; and

6.    That this Court award Lender such other and further relief as in law and equity that it may be able to receive.

## COUNT II – QUIET TITLE

22.    The allegations contained in paragraphs 1 through 13 of this Complaint are incorporated by reference herein.

23.    The Deed of Trust takes priority over the Tax Lien under the doctrine of equitable subrogation to the extent the proceeds of Lender's loan were used to pay off pre-existing deeds of trust on the Property.  See GE Capital v. Levenson, 338 Md. 227, 231-32 (1995).

24.    In Levenson, the Court of Appeals of Maryland held that a lender who pays off the mortgage of another lender and takes a new mortgage as security "will be subrogated to the rights of the first mortgagee as against any intervening lien holder." 338 Md. at 223-32.

25.    In the instant case, a total of $394,453.72 of Lender's $412,200.00 loan to Adams was used to satisfy two pre-existing deeds of trust on the Property.  Those deeds of trust were recorded prior to the Tax Lien.

26.    Accordingly, Lender is entitled to priority over the Tax Lien with respect to $381,362.12.  Levenson, supra, 338 Md. at 223-32.

27.     Upon information and belief, the IRS believes that its tax lien take priority over the Deed of Trust.

28.     The uncertainty surrounding the priority of the Deed of Trust over the Tax Lien Tax Lien constitutes a cloud on title to the Property.

29.     Lender brings this action to remove the cloud on title to the Property created by the uncertainty surrounding the priority of the Deed of Trust and the Tax Lien.

WHEREFORE, Lender requests:

1.      That this Court determine and adjudicate the rights and liabilities of the Parties with respect to the priority of the Deed of Trust and the Tax Lien;

2.      That this Court adjudge, decree and declare that the Lender is entitled to equitable subrogation;

3.      That this Court adjudge, decree and declare that the Deed of Trust is entitled to priority over the Tax Lien to the extent of $394,453.72 plus interest at the rate of 6.5 percent per annum from March 31, 2006; and

4.      That this Court adjudge, decree and declare that Lender shall receive the first $394,453.72 from the proceeds of any sale of the Property, plus interest at the rate of 6.5 percent per annum from March 31, 2006 to the present, before any proceeds are paid towards satisfaction of the Tax Lien;

5.      That the Court award Lender the costs of these proceedings; and

6.     That this Court award Lender such other and further relief as in law

and equity that it may be able to receive.



Respectfully submitted,


/s/_____
Robert A. Scott #24613
Ballard Spahr LLP
300 E. Lombard Street, 18th Floor
Baltimore, Maryland 21202
Tel.: 410-528-5600
Fax: 410-528-5650
scottr@ballardspahr.com
*Attorneys for Plaintiff*