IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SUNTRUST MORTGAGE, INC., | * |
| Plaintiff, | * |
| v. | * |
| | Civil Action No. RDB-12-3631 |
| UNITED STATES OF AMERICA, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff SunTrust Mortgage, Inc. ("Plaintiff") has filed this action under the Declaratory Judgment Act, 28 U.S.C. § 2201. Plaintiff seeks to establish the priority of its mortgage over a tax lien in favor of the United States ("Defendant" or "Government"). Currently pending before this Court is the United States' Motion to Dismiss (ECF No. 14), made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, the Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

The Plaintiff sets forth the following facts in its Complaint. The Plaintiff is a mortgage lender who transacts business in Maryland. The claims in this case arise out of a loan made to non-party Antoinette H. Adams ("Adams") for the purpose of consolidating and paying off the two then-existing mortgages on a parcel of real property located in Anne Arundel County, Maryland. Adams owned the property jointly with her husband as tenants

by the entireties. The two pre-existing mortgages on the property had been recorded in the land records of the Circuit Court for Anne Arundel County on July 15, 2004. On March 15, 2006, a tax lien against Adams's husband was filed with the Clerk of the Circuit Court for Anne Arundel County in favor of the Internal Revenue Service in the amount of $73,463.82. On or about March 31, 2006, Adams's husband transferred all his interest in the subject property to Adams. On the same day, the Plaintiff extended a loan of $412,000.00 to Adams to pay off the two pre-existing mortgages on that property. Adams executed a Promissory Note and Deed of Trust granting the Plaintiff a first mortgage on the property, which was recorded the land records of the Circuit Court for Anne Arundel County on May 23, 2006. A total of $394,453.72 of the loan was used to satisfy the two pre-existing mortgages. Adams subsequently defaulted on the Note and the Deed of Trust.

The Plaintiff filed its Complaint (ECF No. 1) seeking a declaratory judgment and to quiet title to the property. The Plaintiff argues that, under the doctrine of equitable subrogation, the filing of the two pre-existing mortgages in 2004 gives its mortgage priority over the Government's tax lien filed in 2006. The Defendant has moved to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 14.)

## STANDARDS OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction challenges a court's authority to hear the matter brought by a complaint. *See Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). If subject matter jurisdiction is challenged, the "party who sues the United States bears the burden of

2

pointing to an unequivocal waiver of immunity." *Id.* (quoting *Williams v. United States*, 50 F. 3d 299, 304 (4th Cir. 1995)). To meet this burden, the plaintiff must allege facts upon which the court may base its jurisdiction. *Id.* (citing *Crosten v. Kamauf*, 932 F. Supp. 676, 679 (D. Md. 1996)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted; therefore, "the purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks and alterations omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). When ruling on such a motion, the court must "accept the well-pled allegations of the complaint as true," and "construe the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff." *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, this Court "need not accept the legal conclusions drawn from the facts, and [ ] need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotation marks and citation omitted).

The Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). The Supreme Court's decision in *Twombly* articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to

3

dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim). Second, a complaint must be dismissed if it does not allege a "plausible" claim for relief. *Id.* at 678-79 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## ANALYSIS

The Plaintiff has alleged sufficient facts to state a plausible claim for which the United States has waived sovereign immunity. Therefore, the Defendant's Motion to Dismiss is denied.

### I. The Proper Party Has Been Substituted

As an initial matter, this Court addresses the Defendant's argument that because the Defendant named in the Complaint—"United States Department of the Treasury – Internal Revenue Service"—is not a suable entity, the Plaintiff's Complaint must be dismissed. In the "United States' Motion to Dismiss," however, the United States indicated that it did not object to being substituted as the Defendant in this case. Def.'s Mem., ECF No. 14-1 at 2. The Plaintiff filed a Motion to Substitute Parties (ECF No. 21), which this Court granted in an Order dated October 2, 2013 (ECF No. 23). Accordingly, the issue of whether the proper party has been named is moot, and this Court now addresses the substance of the Complaint and the Motion to Dismiss.

4

## II. The United States Has Waived Sovereign Immunity as to Quiet Title Actions

The Defendant argues that this Court lacks subject matter jurisdiction over the Plaintiff's claim because the United States has not waived its sovereign immunity, warranting dismissal under Rule 12(b)(1). The Supreme Court has long held that "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957) (citing *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941)). With respect to actions affecting property on which the United States has a lien, "the United States may be named a party in any civil action or suit in any district court . . . to quiet title." 28 U.S.C. § 2410(a)(1). The United States Court of Appeals for the Fourth Circuit has recognized this express waiver of the sovereign immunity of the United States. *See, e.g.*, *Tompkins & McMaster v. United States*, 91 F.3d 134, 1996 WL 389483, at *1 (4th Cir. July 12, 1996) ("28 U.S.C. § 2410 . . . allows a party to institute a quiet title action against the United States.") (unpublished table decision). Thus, if the Plaintiff's claim to quiet title is properly stated, this Court has original jurisdiction over it. *See Kona Props., LLC v. United States*, No. WDQ-08-1010, 2009 WL 2366561, at *2 (D. Md. July 30, 2009) ("As this is an action for quiet title, the United States has waived sovereign immunity.") (citing *Kasdon v. G.W. Zierden Lanscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982), *aff'd sub nom. Kasdon v. United States*, 707 F.2d 820 (4th Cir. 1983)).

The Defendant argues that the Declaratory Judgment Act bars the Plaintiff's claim. In support of this argument, the Defendant notes that pursuant to 28 U.S.C. § 2201 "[i]n a case of actual controversy within its jurisdiction, **except with respect to federal taxes** . . . any court of the United States, upon filing of an appropriate pleading, may declare the rights

and other legal relations of any interested party seeking such declaration." Def.'s Mem. 3-4 (emphasis added by the Defendant). The Defendant's argument has no merit because § 2410 expressly applies to "suits involving liens arising under the internal revenue laws." 28 U.S.C. § 2410(b); 28 U.S.C. § 1340 ("The district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ."); *see also Broadwell v. United States*, 234 F. Supp. 17, 18 (E.D.N.C. 1964), *aff'd per curiam*, 343 F.2d 470 (4th Cir. 1965), *cert. denied*, 382 U.S. 825 (1965) ("[T]he purpose of § 2410(a) is to waive the government's immunity from suit so as to permit a court of proper jurisdiction to determine the relative position of government [tax] liens on property as against other lienors—not to permit a collateral attack on the tax assessment." (citing *Pipola v. Chicco* 169 F. Supp. 229, 232 (S.D.N.Y. 1959), *aff'd as modified*, 274 F.2d 909 (2d Cir. 1960))); *Progressive Consumers Fed. Credit Union v. United States*, 79 F.3d 1228, 1234 (1st Cir. 1996) ("Section 2410(a)(1) provides an exception to the Declaratory Judgment Act, as plaintiff's remedies are limited to declaratory relief." (citation omitted)). Thus, § 2201 does not deprive this Court of subject matter jurisdiction over a claim made pursuant to § 2410. *See Progressive*, 79 F.3d at 1234 ("'Since the quiet title action specifically mandated by § 2410 is in substance a suit for declaratory judgment,' the Declaratory Judgment Act will not operate as a wrench to deprive the district court of jurisdiction in this case." (quoting *Aqua Bar & Lounge Inc. v. United States*, 539 F.2d 935, 940 (3d Cir. 1976)).[1] Accordingly, the inquiry now turns to whether the Plaintiff has stated a valid quiet title action.

---

[1] The purpose of the federal taxes exception in § 2201 is to prohibit challenges to the government's power to levy taxes, or actions that otherwise restrain the government's ability to assess and collect taxes. *See Progressive*, 79 F.3d at 1233 ("A claim challenging the power of the IRS to assess and

## III. The Plaintiff States a Claim to Quiet Title

The Defendant argues that the Plaintiff has not stated a quiet title action under Rule 12(b)(6). In determining the sufficiency of a claim under Rule 12(b)(6), this Court views all facts and draws all reasonable inferences in the light most favorable to the Plaintiff, but owes no deference to the Plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678. In this case, the Plaintiff has alleged facts that on their face support a plausible claim that its mortgage has priority over the IRS lien under the doctrine of equitable subrogation. However, whether the Plaintiff has stated a claim upon which relief can be granted turns on a question of law: Is an action by a non-taxpayer to establish the priority of his mortgage lien over the government's tax lien a "quiet title" action within the meaning of § 2410?

The majority rule is that suits to adjudicate lien priority should be construed as claims to quiet title, and therefore, the United States has consented to suit with respect to such claims. *Nationstar Mortg., LLC v. Humphrey*, No. 11-2185-STA, 2011 WL 3273077, at *4 n.9 (W.D. Tenn. July 29, 2011) (collecting cases from courts in the First, Second, Fifth, and Ninth Circuits); *see also Brightwell v. United States*, 805 F. Supp. 1464, 1469 (S.D. Ind. 1992) ("Traditionally, actions to quiet title have sought determinations of who owns particular property, by forcing adverse claimants—*i.e.*, those whose claims are 'clouds' on the plaintiff's title—to establish them or be estopped from asserting them ever again. *Black's Law Dictionary* 255, 1249 (6th ed. 1990); *see Raulerson v. United States*, 786 F.2d 1090, 1092 (11th Cir.

---

collect taxes is barred by the Act." (citing *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983)); *Stephenson v. Brady*, 927 F.2d 596, 1991 WL 22835, at *4 (4th Cir. Feb. 26, 1991) (unpublished table decision) ("Congress enacted this tax exception to prevent the use of the Act as a means of avoiding the established principle that a taxpayer must pay the assessment before he may challenge it."). The Plaintiff in this case makes no such claims.

1986). Under federal law, the definition is somewhat broader; a party may maintain a quiet title action against the United States when the government asserts that a federal tax lien exists against property, 28 U.S.C. § 2410(a), and thus lien priority disputes have been considered 'quiet title' actions. *McEndree v. Wilson*, 774 F. Supp. 1292, 1295-96 (D. Colo. 1991).").[2]

The Defendant argues that in the District of Maryland, the definition of a quiet title action is more limited, citing this Court's opinion in *Kasdon v. G.W. Zierden Lanscaping, Inc.*, 541 F. Supp. 991, 995 (D. Md. 1982), *aff'd sub nom. Kasdon v. United States*, 707 F.2d 820 (4th Cir. 1983). Def.'s Mem. 4. In that case, this Court noted that "[a] quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied." *Id.* This Court has previously cited *Kasdon* for the proposition that quiet title actions seek to decree an adverse interest in property to be invalid or defective. *See, e.g.*, *Mosley v. OneWest Bank*, No. RDB-11-0698, 2011 WL 5005193, at *6 (D. Md. Oct. 19, 2011) (dismissing quiet title claim of plaintiff seeking rescission of a mortgage based on violations of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*). However, *Kasdon* and the cases citing it present distinguishable

---

[2] The Eleventh Circuit has stated that "section 2410 waives sovereign immunity only in *actual* quiet title actions, not suits analogous to quiet title actions." *See Raulerson v. United States*, 786 F.2d 1090, 1091 (11th Cir. 1986) (vacating district court's order on ground of lack of subject matter jurisdiction over plaintiff's quasi-quiet title action). In *Raulerson*, a former property owner sought to establish that the IRS's lien had priority over the liens of other branches of government to protect his other assets from an IRS jeopardy assessment. *Id.* Because the plaintiff waived his interest by plea agreement, "all parties concede[d] that the property belong[ed] to the government." *Id.* Despite the Eleventh Circuit's holding that the *Raulerson* plaintiff's suit to establish priority was not a quiet title action, that decision has not been interpreted to bar a quiet title claim in an action by a party seeking to establish the priority of his own currently-held interest over a federal tax lien. *See Brightwell*, 805 F. Supp. at 1469 (citing *Raulerson*, 786 F. 2d at 1092).

factual situations to the instant case. In *Kasdon*, the plaintiff sought to foreclose rights of redemption (which would extinguish federal liens), not to establish lien priority by declaratory judgment. 541 F. Supp. at 992; *see also Kona Props.*, 2009 WL 2366561, at *3 (granting United States' motion for summary judgment on ground that suit to foreclose rights of redemption was not a quiet title action and United States had not waived sovereign immunity as to the underlying state court claim purporting to extinguish the United States' deed of trust (citing *Kasdon*, 541 F. Supp. at 995)).

The opinion of the United States Court of Appeals for the First Circuit in *Progressive Consumers Federal Credit Union v. United States*, 79 F.3d 1228, 1234 (1st Cir. 1996), addresses the issue before this Court more precisely. In that case, a mortgage lender similarly sought declaratory judgment that its mortgage had priority over federal tax liens. 79 F. 3d at 1230. The First Circuit held that a quiet title action under 28 U.S.C. § 2410(a)(1) may determine lien priority without challenging the validity of the government's lien. *Id.* at 1233 ("Consistent with the broad construction accorded § 2410's quiet title provision by a number of other jurisdictions, we hold that [the plaintiff's] claim falls within the meaning and scope of the statute."). Given that the factual situation presented in *Progressive* is almost identical to the instant matter, this Court finds *Progressive* to be instructive.

It is also noteworthy that this Court's opinion in *Kasdon* states a general principle, rather than a rigid rule, as to which types of claims could fall into the categories of foreclosure actions and quiet title actions. In *Kasdon*, this Court stated that "[p]riorities among valid interests are the subject of foreclosure suits; the alleged invalidity of adverse interests are the subjects of quiet title actions." 541 F. Supp. at 995. The undersigned does

9

not interpret this to be an exclusive categorical statement. The *Kasdon* court based that proposition on the Fifth Circuit's opinion in *United States v. Morrison*, 247 F.2d 285, 289 (5th Cir. 1957). In *Morrison*, however, the Fifth Circuit did not state that quiet title actions only concern the invalidity of liens, but rather that quiet title actions include those seeking "a determination that a tax lien does not exist, has been extinguished, *or is inferior in rank*." *Id.* at 291 (emphasis added). Indeed, the Fifth Circuit has subsequently interpreted *Morrison* to stand for the proposition that foreclosure is not the exclusive remedy to determine disputed lien priority. *Estate of Johnson*, 836 F.2d 940, 945-46 (5th Cir. 1988) (holding that where a valid federal tax lien attached to property, an executor's suit to quiet title "fit with our earlier definition of a § 2410 quiet title action, to wit: 'a determination that a tax lien . . . *is inferior in rank*,' *Morrison*, 247 F.2d at 291 (emphasis supplied)," and "given that the [plaintiff] is seeking to clarify or determine the relative rights of the parties in the property . . . his suit would seem the proper method for removing clouds on the title cast by the federal tax liens" (citing *Aqua Bar*, 539 F.2d at 937-38)). Thus, while this Court's earlier opinion in *Kasdon* correctly states the general categories of foreclosure and quiet title actions, the First and Fifth Circuits state the correct rule with regard to the specific type of claim presented in this case.

Accordingly, neither this Court nor the Fourth Circuit have held that a quiet title action may not be employed to establish the priority of a mortgage over a federal tax lien without a challenge to the validity of the government's lien. This Court finds the factual situation presented in *Progressive* to be most closely analogous to the situation at bar, and follows the reasoning of the First and Fifth Circuits. Therefore, in light of the "majority rule," *Nationstar Mortg., LLC v. Humphrey*, No. 11-2185-STA, 2011 WL 3273077, at *4 n.9

(W.D. Tenn. July 29, 2011), this Court concludes that quiet title actions pursuant to 28 U.S.C. § 2410 include such claims.  As the United States has waived its sovereign immunity and the Plaintiff has stated a cause of action upon which relief can be granted, the Defendant's Motion to Dismiss pursuant to Rule 12(b)(1) and Rule 12(b)(6) is denied.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (ECF No. 14) is DENIED.

A separate Order follows.

Dated:	October 8, 2013	         /s/
	Richard D. Bennett
	United States District Judge